802 P.2d 1071

NATIONWIDE MUTUAL INSURANCE COMPANY, a corporation, Plaintiff/ Counterdefendant/Appellant/ Cross–Appellee,

v.

Glen William STEVENS, on his own behalf, and as the surviving husband of Sharon S. Stevens; and for and on behalf of Brian William Stevens, Deanne Marie Stevens, and Glen Robert Stevens, as the surviving children of Sharon S. Stevens, Decedent, Defendant/Counterclaimant/Appellee/Cross–Appellant.

No. 2 CA–CV 90–0095.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 25, 1990.

As Corrected Oct. 18, 1990.

Petition and Cross-Petition for Review Denied Jan. 15, 1991.*

* FELDMAN, V.C.J., and CAMERON, J., of the    Supreme Court, voted to grant review.

Law Offices of Warren S. McCord by Paul J. Prato and Blake E. Whiteman, Scottsdale, for plaintiff/counterdefendant appellant/cross-appellee.

Max M. Klass, Phoenix, for defendant/counterclaimant appellee/cross-appellant.

## OPINION

HOWARD, Judge.

The issue in this case is whether a motorist, who has no automobile liability insurance at the time of an accident, becomes insured so as to preclude recovery under the uninsured motorist provision of the plaintiff's policy, when a joint tortfeasor settles with the plaintiff in an amount equal to or in excess of the requirements of the Financial Responsibility Act.

### FACTS AND PROCEDURE

On September 28, 1985, Steven Parker (Parker), a minor, was allegedly drag rac-

ing with another motorist when the other motorist hit the Stevens car. Glen Stevens was seriously injured and his wife was killed.

Stevens brought suit against the driver of the involved vehicle and Parker, as well as Parker's mother. Parker's mother was sued on the theory of negligent supervision and liability pursuant to A.R.S. §§ 12–661 and 28–417, since she signed her son's driver's license application.

At the time of the accident, Parker owned the Chevelle car which he drove. However, he was not a named insured under any motor vehicle liability insurance policy and the Chevelle was not listed as a covered automobile under any such policy. Parker's mother had in effect an automobile liability policy with the United States Fidelity & Guarantee Company (USF & G). Her policy did not name Parker as an insured nor did it list Parker's Chevelle as a covered automobile. Because Parker was not living with his mother at the time of the incident, he was excluded as a covered family member under her policy.

At the time of the accident the Stevens were insured under an automobile liability policy with Nationwide Mutual Insurance Company (Nationwide), which policy provided them with uninsured motorist coverage of $15,000 per individual or $30,000 per occurrence. This policy defined the term "uninsured motor vehicle" as "... one for which there is no bodily injury ... insurance in effect at the time of the accident."

Glen Stevens made a demand on Nationwide for payment under the uninsured motorist provision of his policy. Subsequently, Parker's mother's insurer, USF & G, offered Stevens her policy limit of $40,000 in return for releases for the liability of both its insured and her son. Nationwide refused to take a position on acceptance of the USF & G offer but informed Stevens that the uninsured motorist provision of his

policy was not applicable. Stevens accepted the settlement and signed the releases.[1]

Nationwide filed a complaint for declaratory relief and Stevens counterclaimed alleging bad faith and breach of contract as a result of Nationwide's refusal to consider Parker an uninsured motorist, and praying for the award of attorney's fees. Both parties filed motions for summary judgment in the declaratory judgment action. The trial court ruled, *inter alia*, that Parker was an uninsured motorist, that the bad faith claim was premature and could be asserted after the results of the arbitration required by the contract and that the application for attorney's fees was premature and could be presented if and when Stevens prevailed in the arbitration of the underlying claim.

Nationwide appealed and Stevens cross-appealed, contending that the trial court erred in dismissing his bad faith claim and denying his request for attorney's fees.

## DISCUSSION

### I. Uninsured Motorist Coverage

Nationwide argues that because Parker received the protection and benefits of the USF & G policy he was, for all intents and purposes, not uninsured. We do not agree for two reasons. First of all, Nationwide is bound by its contract with the insured. According to its contract, if there is no bodily injury liability insurance "in effect at the time of the accident," the motor vehicle is uninsured. That is clearly the case here. The gratuitous conduct of a joint tortfeasor or the joint tortfeasor's carrier cannot transmute nothing into something. Furthermore, any action taken by joint tortfeasors is separate and apart from Nationwide's obligations under the contract and by statute.

Second, although our statute which mandates uninsured motorist coverage, A.R.S. § 20–259.01, does not define the word "uninsured," case law has defined it to

---

1. Nationwide makes no claim that the release of Parker operates to relieve it of liability on its contract.

mean "not insured." See *State Farm Mutual Automobile Insurance Company v. Brudnock*, 151 Ariz. 268, 727 P.2d 321 (1986). That is the case here. Parker did not have insurance at the time of the collision. His mother had insurance, but he did not.

## II. *The Bad Faith Claim*

 Stevens argues that he has suffered damages due to Nationwide's alleged bad faith processing of the uninsured motorist claim and that these damages are independent of the ultimate coverage determination. We do not agree.

A determination of Parker's legal liability for the accident is a predicate for Nationwide's responsibility to pay under both the arbitration clause in the insurance policy and A.R.S. § 20–259.01. The basis for a bad faith action must be a valid claim. Leading Arizona first-party bad faith cases involve claims that were either paid by the insurer prior to litigation or were determined to be covered under insurance provisions in the bad faith action. See e.g., *Noble v. National American Life Insurance Company*, 128 Ariz. 188, 624 P.2d 866 (1981); *Sparks v. Republic National Life Insurance Company*, 132 Ariz. 529, 647 P.2d 1127 (1982), cert. denied, 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982); *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (1986); *Linthicum v. Nationwide Life Insurance Co.*, 150 Ariz. 326, 723 P.2d 675 (1986); *Filasky v. Preferred Risk Mutual Insurance Company*, 152 Ariz. 591, 734 P.2d 76 (1987).

If the arbitration results in the finding of no liability on the part of Parker, then there can be no bad faith claim.

## III. *Attorney's Fees*

 The trial court denied Stevens' application for attorney's fees in the declaratory judgment action with leave to present the claim if and when Stevens prevailed in the arbitration of the underlying claim. It based this decision on the fact that the retainer agreement between Stevens and his attorney was on a contingency basis and provided for the payment of attorney's fees as a percentage of sums collected or recovered. Since no money was recovered in the declaratory judgment action, the trial court reasoned that, since there was no other evidence of any other agreement between Stevens and his attorney, Stevens was not entitled at this time to an award of attorney's fees. Stevens relies on *Prendergast v. City of Tempe*, 143 Ariz. 14, 691 P.2d 726 (App.1984) for the proposition that attorney's fees can be awarded pursuant to A.R.S. § 12–341.01 even though there is a contingency fee agreement between the attorney and his client. We do not believe that *Prendergast* is on point; in that case there was a money recovery. The trial court did not err in refusing to award Stevens attorney's fees.

 Stevens has asked for and is entitled to his reasonable attorney's fees for defending Nationwide's appeal. Upon compliance with 17B A.R.S., Civil Appellate Proc.Rules, Rule 21(c), his attorney's fees incurred in defending the appeal only, will be awarded.

Affirmed.

FERNANDEZ, C.J., and ROLL, P.J., concur.